## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------x
                              :   Civ. No. 3:16CV00408(AWT)
AMY BENJAMIN                  :
                              :
v.                            :
                              :
OXFORD HEALTH INS., INC.      :   February 28, 2017
                              :
------------------------------x
```

## RULING ON PLAINTIFF'S MOTION TO COMPEL [#44] AND ON DEFENDANT'S MOTION TO STRIKE [#49]

On December 22, 2016, plaintiff Amy Benjamin ("plaintiff") filed a Motion to Compel Further Responses to Plaintiff's First Set of Requests for Production. [Doc. #44]. Plaintiff's motion seeks an Order compelling defendant Oxford Health Insurance, Inc. ("defendant") to provide further responses to plaintiff's discovery requests that were served on defendant on November 4, 2016. See id. at 2. Defendant has filed a Memorandum of Law in Opposition to Plaintiff's Motion to Compel, [Doc. #47] and plaintiff has filed a Reply. [Doc. #48]. Defendant has also filed a motion to strike a portion of plaintiff's reply, and plaintiff has filed a response. [Docs. ##49, 52]. For the reasons set forth below, plaintiff's motion to compel is **GRANTED, in part, and DENIED, in part**. Defendant's motion to strike is **GRANTED**.

## I.   Background

Plaintiff filed this action on March 10, 2016, pursuant to

29 U.S.C. §§1132(a),(e),(f), and (g) of the Employee Retirement Income Security Act of 1974, (hereinafter "ERISA") seeking, inter alia, benefits under the terms of an employee benefit plan. See Doc. #1. On August 10, 2016, Judge Alvin W. Thompson referred this case to the undersigned to conduct an early settlement conference. See Docs. ##24, 25. On August 22, 2016, the undersigned entered a settlement conference Order, setting deadlines and requirements for a settlement conference scheduled for October 21, 2016. [Doc. #29]. On October 19, 2016, after extensive ex parte discussions regarding settlement with counsel for both parties, the undersigned concluded that the record was not sufficiently developed for a settlement conference to be productive in this matter. The Court therefore canceled the settlement conference, and entered an amended Scheduling Order requiring all discovery requests to be propounded on or before November 4, 2016, and responses to be served within 30 days of the date of service of the requests. See Docs. ##37, 38.

During a telephonic status conference on December 9, 2016, before the undersigned, counsel for plaintiff indicated that she was unsatisfied with defendant's responses to plaintiff's discovery requests. See Doc. #43. The Court thus encouraged the parties to meet and confer, and entered a Scheduling Order, setting deadlines for the filing of any discovery-related motions. See Doc. #43. On December 22, 2016, counsel for

plaintiff filed the instant Motion to Compel. [Doc. #44]. On January 3, 2017, the motion was referred to the undersigned. [Doc. #45]. On January 13, 2017, counsel for defendant filed a memorandum in opposition to plaintiff's motion. [Doc. #47]. On January 27, 2017, plaintiff filed a reply. [Doc. #48]. On February 6, 2017, defendant filed a Motion to Strike certain portions of plaintiff's reply papers. [Doc. #49]. Plaintiff filed a response to defendant's motion to strike on February 17, 2017. [Doc. #52].

## II.  Legal Standard

In an action challenging the denial of benefits under ERISA, "the presumption is that judicial review is limited to the record in front of the claims administrator unless the district court finds good cause to consider additional evidence." Muller v. First Unum Life Ins. Co., 341 F.3d 119, 125 (2d Cir. 2003) (quotation marks and citation omitted).[1] See also

---

[1] "[A] denial of benefits challenged under §1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). "If the insurer establishes that it has such discretion, the benefits decision is reviewed under the arbitrary and capricious standard." Krauss v. Oxford Health Plans, Inc., 517 F.3d 614, 622 (2d Cir. 2008) (citation omitted). Defendant asserts that it has discretionary authority to determine eligibility for benefits and to construe the terms of the subject plan, and therefore this matter is subject to the arbitrary and capricious standard of review. See Doc. #47 at 12. Plaintiff does not address this issue in her motion to compel.

Krauss, 517 F.3d at 631 ("[A] district court's decision to admit evidence outside the administrative record is discretionary, but which discretion ought not to be exercised in the absence of good cause." (quotation marks and citation omitted)).

"It follows that if a court has the discretion to admit materials outside the administrative record upon a showing of good cause, then the court must also have the discretion to permit discovery of such materials." Puri v. Hartford Life & Acc. Ins. Co., 784 F. Supp. 2d 103, 105 (D. Conn. 2011) (quotation marks omitted). However, "in order to justify discovery beyond the administrative record, Plaintiff need not make a full good cause showing, but must show a reasonable chance that the requested discovery will satisfy the good cause

---

The Court notes, however, that even if defendant is correct in its assertion, "as the arbitrary and capricious standard requires courts to scrutinize, although deferentially, decisions by plan fiduciaries for lack of reasonableness, including the absence of substantial evidence, such deficiencies in the administrative review function can be significantly illuminated through the reasonable exercise of standard discovery devices available in federal civil practice." Nagele v. Elec. Data Sys. Corp., 193 F.R.D. 94, 104 (W.D.N.Y. 2000). Further, "[t]he standard of review, the admissibility of evidence outside of the administrative record, and the scope of discovery are three separate issues, and the Court need not decide the first two in order to decide the last. ... The Court can rule on the scope of discovery without deciding the standard of review and without deciding whether evidence outside the administrative record will ultimately be considered." Shelton v. Prudential Ins. Co. of Am., No. 16CV1559(VEC), 2016 WL 3198312, at *2 (S.D.N.Y. June 8, 2016) (collecting cases). Accordingly, the Court makes no determination at this time as to what standard of review is applicable to this matter.

requirement." <u>Burgio v. Prudential Life Ins. Co. of Am.</u>, 253 F.R.D. 219, 230 (E.D.N.Y. 2008) (quotation marks and citation omitted); <u>see also</u> <u>Schrom v. Guardian Life Ins. Co. of Am.</u>, No. 11CV1680(BSJ)(JCF), 2012 WL 28138, at *3 (S.D.N.Y. Jan. 5, 2012)("[D]iscovery is only permitted where it is reasonably likely that the requested information will satisfy the good cause requirement." (citations omitted)). Accordingly, in an ERISA case, "a plaintiff is entitled to seek discovery ... if she can demonstrate a good reason why evidence thus obtained might later provide good cause for a court to admit evidence beyond the administrative record." <u>Puri</u>, 784 F. Supp. 2d at 105 (quotation marks omitted). "The good cause standard required to obtain evidence beyond the administrative record through discovery is therefore less stringent than when requesting that the court consider such evidence in its final determination." <u>Burgio</u>, 253 F.R.D. at 230 (quotation marks and citation omitted); <u>see also</u> <u>Laakso v. Xerox Corp.</u>, No. 08CV6376(CJS), 2011 WL 3360033, at *3 (W.D.N.Y. Aug. 3, 2011) ("[I]n an ERISA action, the standard for obtaining discovery of matters beyond the administrative record is less stringent than the standard for admissibility." (citation omitted)).

Good cause may exist to permit discovery beyond the administrative record where there is an allegation of a structural conflict of interest; however, courts have generally

determined that the party seeking the discovery must show more than the existence of a conflict to satisfy its burden. See Feltington v. Hartford Life Ins. Co., No. 14CV6616(ADS)(AKT), 2016 WL 1056568, at *9 (E.D.N.Y. Mar. 15, 2016) ("[A] structural conflict of interest is not sufficient by itself to permit extra-record discovery and a party seeking to conduct discovery outside the administrative record must allege more than a mere conflict of interest." (quotation marks and citation omitted) (collecting cases)); cf. Locher v. Unum Life Ins. Co. of America, 389 F.3d 288, 296 (2d Cir. 2004) (holding that "a conflicted administrator does not per se constitute good cause, and caution[ing] district courts that a finding of a conflicted administrator alone should not be translated necessarily into a finding of good cause" but that "it may be possible, in unforeseen circumstances, for good cause to rest entirely on the existence of a conflicted administrator"). Discovery beyond the administrative record has also been "permitted to test the adequacy of the administrative record," Gill v. Bausch & Lomb Supplemental Ret. Income Plan I, No. 09CV6043(CJS), 2011 WL 2413411, at *5 (W.D.N.Y. June 10, 2011), and thus to provide "meaningful judicial review[.]" Nagele, 193 F.R.D. at 106. Ultimately, however, "[t]o obtain discovery outside the administrative record, [] a plaintiff must do more than make conclusory allegations, claim discovery is needed to determine

whether he or she received a fair review, or allege a structural conflict of interest." Shelton, 2016 WL 3198312, at *3 (citation omitted); see also Lane v. The Hartford, No. 06CV3931(DC), 2006 WL 3292463, at *2 (S.D.N.Y. Nov. 14, 2006) (denying plaintiff's request for discovery beyond the administrative record because "[p]laintiff does not allege that there was a conflict of interest, nor does plaintiff sufficiently explain why discovery is needed – except for her repeated assertion that it is needed to determine whether she received a 'full and fair review'").

## III. **Discussion**

Plaintiff's Motion to Compel concerns defendant's failure to provide responses to plaintiff's Requests for Production served on defendant on November 4, 2016. Specifically, plaintiff seeks additional responses to Requests for Production 1, 2, 7, 8, 9, 10, and 11. See Doc. #44-1 at 3. Plaintiff groups her requests into two categories: Those seeking discovery and information regarding defendant's interpretation of the subject insurance plan's preauthorization requirement (Requests for Production 1, 2, 7, 8, and 9); and those requesting discovery on the issue of whether an in-network facility was available to treat plaintiff at the time of her admission to an out-of-network facility (Requests for Production 10 and 11). See generally Doc. #44-1. Defendant argues that plaintiff has not shown that she is entitled to any of the discovery she seeks,

and has asserted substantially the same objections, with minor variations, in response to each of plaintiff's requests. <u>See generally</u> Doc. #47. The Court will address the challenged requests as grouped by plaintiff, but will first address defendant's pending motion to strike portions of plaintiff's reply papers. [Doc. #49].

**A.   Defendant's Motion to Strike Plaintiff's Reply**

As an initial matter, defendant has moved to strike portions of plaintiff's reply papers, arguing that plaintiff improperly raised new arguments in support of her motion to compel for the first time in reply. <u>See generally</u> Doc. #49. Specifically, defendant moves to strike references in plaintiff's reply to two new arguments as to why the requested discovery is necessary: (1) to explore defendant's conflict of interest; and (2) to determine an appropriate amount of potential damages. <u>See id.</u> at 2, <u>see also</u> Doc. #48 at 2-4. Plaintiff has submitted a response to defendant's motion. [Doc. #52].

"Arguments may not be made for the first time in a reply brief." <u>Knipe v. Skinner</u>, 999 F.2d 708, 711 (2d Cir. 1993); <u>see also Corpes v. Walsh Constr. Co.</u>, 130 F. Supp. 3d 638, 644 (D. Conn. 2015)("Because raising new arguments for the first time in a reply brief is improper, the Court will not consider these issues[.]"(citations omitted)). Plaintiff's motion does not

allege a structural conflict of interest as a ground for
permitting the discovery she seeks. Accordingly, the Court will
not consider this argument.

However, the Court notes that even if it were to entertain
plaintiff's argument regarding a conflict of interest, the
extra-record discovery that plaintiff seeks would not be
permitted on this ground. Plaintiff's claim of the existence of
a conflict is conclusory, and plaintiff has not made specific
allegations that lead the Court to find that discovery is
warranted on this basis. See Wagner v. First Unum Life Ins. Co.,
100 F. App'x 862, 864 n.1 (2d Cir. 2004)("[D]iscovery may be
appropriate in some cases where a petitioner seeks to show a
conflict of interest[.] ... But because [plaintiff] has not
shown 'good cause' in support of her request, we affirm the
court's decision below denying discovery." (internal citations
and explanatory parentheticals omitted)); cf. Puri, 784 F. Supp.
2d at 106 (allowing discovery where plaintiff alleged a conflict
and raised a "colorable allegation that Defendant's decision to
terminate her benefits was tainted by a conflict of interest,"
and limiting the discovery to an inquiry as to whether the claim
determination was affected by said conflict).

Nor is the discovery that plaintiff seeks related to any
effort on behalf of the plaintiff to show that the benefits
determination resulted from a conflict. See Feltington, 2016 WL

1056568, at *8 ("Where a plaintiff contends that a benefits determination was tainted by the plan administrator's conflict of interest, ... courts may permit extra-record discovery relating to a conflict, since much of the relevant information would not have been part of the administrative record, but not discovery into the substantive merits of the claim." (quotation marks and multiple internal citations omitted)).

The Court also declines to address plaintiff's argument that the discovery sought is warranted for the purpose of calculating damages, as this argument was also improperly raised for the first time in plaintiff's reply papers. Accordingly, defendant's Motion to Strike is **GRANTED.**

**B.    Requests for Production Nos. 1, 2, 7, 8, 9**

Plaintiff's motion to compel seeks discovery responsive to Requests 1, 2, 7, 8, and 9. See Doc. #44-2 at 8-10. Plaintiff argues that these requests are directed "at obtaining documents setting forth Oxford's preauthorization rules and explaining how they are interpreted and applied." Doc. #44-1 at 8. Plaintiff argues that the requests seek discovery that is relevant under both the regulations, see 29 C.F.R. §2560.503-1(m)(8), and under the Federal Rules of Civil Procedure, as a "key issue in this case" is whether "the preauthorization penalty appl[ies] to

Plaintiff's claim, and if so, how."[2] Doc. 44-1 at 9. Plaintiff contends that any records explaining the preauthorization penalties belong in the administrative record, if they existed at the time that plaintiff's claim was denied.[3] See id.

Defendant objects to all but one of plaintiff's discovery requests at issue on the grounds that the requests are unclear, overbroad, unduly burdensome, vague, and ambiguous. See Doc. #44-2 at 16, 17, 19, 20. Defendant also raises objections based on relevance, proportionality, and confidentiality. See id. Defendant's objections refer plaintiff to the previously produced administrative record, and provide a large range of Bates numbers. See id.

As an initial matter, the Court notes that while it is an acceptable practice under Rule 34 of the Federal Rules of Civil

---

[2] Plaintiff's plan contains a provision that appears to apply a $500 reduction in benefits for failure to seek preauthorization. See Doc. # 46-3 at 124. Plaintiff argues that, rather than denying the claim, defendant should have reduced the benefits in accordance with this provision.

[3] Plaintiff further contends that these requests were made "in order to determine whether there is any support for Oxford's position that ... the $500 penalty applies on a daily basis as opposed to Plaintiff's claim as a whole." Doc. #44-1 at 2-3. In a footnote, defendant argues that this request appears to be "improperly based on confidential discussions between the parties during the settlement conference in this matter." Doc. #47 at 17. However, the Court notes that counsel for the defendant raised this issue on the record during the December 9, 2016, status conference.

Procedure to direct a party to records previously produced, a party electing to use this approach must identify where the response for the request is to be located. Simply referring the plaintiff generally to the initial disclosures and specifically to the 139 pages that comprise the subject insurance policy, or to the 593 pages that comprise the administrative record, is insufficient. See 7 James Wm. Moore et al; Moore's Federal Practice §34.13[2][a] (3d ed. 2016) ("It is [] improper to refer the proponent to documents previously delivered without providing an index or otherwise directing the proponent to where a response for each request may be found."). To the extent defendant seeks to rely on documents already produced, it must provide the Bates numbers of the particular documents that are responsive.

Further, defendant's objections fail to comply with the rules governing discovery, particularly as revised in 2015. The Federal Rules call for the objecting party to "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The amended rule further requires that "[a]n objection [] state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

"[P]at, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure. An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded." In re Priceline.com Inc. Sec. Litig., 233 F.R.D. 83, 85 (D. Conn. 2005) (quoting Obiajulu v. City of Rochester, 166 F.R.D. 293, 295 (W.D.N.Y. 1996)). See also Tourtelotte v. Anvil Place Master Tenant, LLC, No. 3:11CV1454(WWE), 2012 WL 5471855, at *2 (D. Conn. Nov. 9, 2012) ("Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy while producing no documents ... are a paradigm of discovery abuse." (quotation marks and citations omitted)).

Here, the Court is hard-pressed to see how any of plaintiff's requests are unclear, overbroad, vague or ambiguous. The requests are time-limited and directed to specific information and policies. Defendant has not supplied any support for its objections on these bases. The Court also notes that relevance, in discovery matters, is generously construed. Rule 26 specifically provides that information sought in discovery "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Moreover, relevance in this context is given a broad construction, and a party arguing that information

sought in discovery is not relevant bears the burden of demonstrating specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant." Safeco Ins. Co. of Am. v. Vecsey, 259 F.R.D. 23, 27 n.1 (D. Conn. 2009) (internal quotation marks and citation omitted); see also Hurst v. Conopco, Inc., 264 F.R.D. 30, 31 (D. Conn. 2010). Defendant's assertion that the information sought is not relevant is conclusory, and fails to sustain this burden. Further, defendant's responses provide no indication of whether responsive documents exist but are being withheld.

Nevertheless, as this case is governed by ERISA, the Court must decide whether to permit discovery beyond the administrative record as to those items that, as plaintiff claims, relate to the subject plan's preauthorization requirement. The Court is mindful that "a plaintiff cannot satisfy the good cause requirement simply by arguing that the plan administrator acted in clear error. Otherwise, every ERISA case would include documents outside the record." Anderson v. Sotheby's Inc. Severance Plan, No. 04CV8180(SAS), 2005 WL 6567123, at *5 (S.D.N.Y. May 13, 2005). That is not the case here. It appears to the Court that, based on plaintiff's arguments, this discovery is sought to determine "the nature of the information considered by [defendant], the criteria used for

its decision, and whether the administrative record is complete[.]" Mitchell v. First Reliance Standard Life Ins. Co., 237 F.R.D. 50, 54 (S.D.N.Y. 2006) (citing Nagele, 193 F.R.D. at 103).

The Court finds that there is a "reasonable chance" that the discovery sought by Requests 7, 8 and 9 could satisfy the good cause requirement. Burgio, 253 F.R.D. at 230. It is undisputed that plaintiff's claim was denied for failure to obtain preauthorization, and the plan contains a provision that purports to reduce plaintiff's benefits if she does not seek preauthorization. See Doc. #46-3 at 124. It is unclear what information defendant relied on in denying plaintiff's claim for benefits, and defendant does not point to any specific information in the administrative record addressing this issue. Additional discovery beyond the administrative record is warranted in this instance to reveal how defendant determined that plaintiff's claim should be denied for failure to seek preauthorization.

Accordingly, the Court will permit discovery beyond the administrative record as to Requests 7, 8, and 9, to determine whether the administrative record is complete and to identify the information considered by defendant in denying plaintiff's claim based on failure to seek pre-authorization. However, plaintiff has made no argument in support of her motion to

compel further responses to Requests 1 and 2, which seek information that the Court does not believe to be discoverable in this ERISA matter.

Accordingly, plaintiff's Motion to Compel is **GRANTED** as to Requests 7, 8, and 9. Defendant shall serve additional responses to plaintiff's Requests for Production 7, 8 and 9 **on or before March 14, 2017**. Plaintiff's Motion to Compel additional responses to Requests 1 and 2 is **DENIED**.

**C.   Requests for Production Nos. 10 and 11**

The Court next examines plaintiff's requests regarding availability of an in-network facility. Request for Production 10 seeks: "All documents listing facilities that, in 2014, provided residential treatment for substance use disorders, and were in-network under the Policy." Doc. #44-2 at 10. Request for Production 11 seeks documents listing in-network facilities that provided residential treatment for eating disorders for that same time frame. See id. at 11. Defendant asserted an identical objection to each of these requests:

> Oxford objects to this Request because it is unclear, overbroad, unduly burdensome, vague, and ambiguous. Oxford objects because this Request seeks documents that are not relevant to the pleaded claims or defenses involved in this action. Oxford also objects to this Request because it exceeds the permissible scope of discovery, which is limited under ERISA to the administrative record and the information set out in Porter, supra. Further, this Request seeks information that is not properly discoverable because it is not

> proportional to the needs and issues of this ERISA case
> pursuant to Fed. R. Civ. P. 26(b)(1).

Doc. #44-2 at 20, 21.

Plaintiff argues that defendant's objections are meritless, and are "not well taken." Doc. #44-1 at 4. Plaintiff claims that the requests seek relevant information, as defendant's denial of plaintiff's claim was premised in part on the plaintiff's selection of an out-of-network provider. See id. at 5. Plaintiff acknowledges that the Court generally considers only the administrative record in ERISA cases, but contends that the information sought was "known to the administrator" and therefore should be produced, citing Fourth Circuit law for this proposition. Id. Defendant argues, inter alia, that plaintiff has not made a showing that would justify expanding the record on review, and that the requests do not "concern any category of extra-record discovery permissible under ERISA." Doc. #47 at 15.

The Court agrees with defendant. Plaintiff has not shown that there is a "reasonable chance" that the discovery requested in Requests 10 and 11 will satisfy the good cause requirement. Burgio, 253 F.R.D. at 230. As plaintiff herself acknowledged, her claim for benefits was denied because the services were not authorized in advance. See Doc. 44-1 at 2; see also Doc. #46-4 at 16; Doc. #46-5 at 1; Doc. #46-6 at 1. Plaintiff's Complaint is premised on a theory that her claim was wrongly denied, based

on the language and terms of the applicable insurance plan.
Plaintiff argues that information regarding the availability --
or lack thereof -- of in-network treatment facilities would bear
on whether defendant's denial was reasonable, because defendant
"cannot contend that it is permitted to enforce out-of-network
limitations such as the preauthorization penalty" if there were
no in-network facilities available. Doc. #44-1 at 2. This
argument is creative, but the Court is not persuaded that such
discovery could reasonably lead to information that would
satisfy the good cause requirement, and therefore does not
justify requiring discovery beyond the administrative record.

The Court therefore concludes that plaintiff has not made
the showing necessary to permit discovery beyond the
administrative record as to Requests 10 and 11. See Sobhani v.
Butler Am., Inc., No. 3:13CV0728(MPS), 2014 WL 545730, at *4 (D.
Conn. Feb. 10, 2014) ("Thus, after a careful review of
Plaintiff's ... Requests for Production contained therein, the
Court concludes that Plaintiff has failed to point to any
evidence in the administrative record to support a conclusion
that there is a reasonable chance that allowing any of this
discovery would yield information that would enable him to make
a good cause showing, which is a prerequisite for allowing
discovery outside the record." (citation omitted)). Accordingly,

plaintiff's Motion to Compel additional responses to Requests 10 and 11 is **DENIED**.

## IV.  <u>Conclusion</u>

For the reasons set forth above, plaintiff's Motion to Compel is **GRANTED, in part, and DENIED, in part.** Defendant shall produce the documents requested in plaintiff's Requests for Production 7, 8, and 9 on or before **March 14, 2017.** If the responsive records do not exist, defendant shall so indicate. Any claims of privilege with regard to document production must be supported by an appropriate privilege log, in compliance with Rule 26(b)(5) of the Federal Rules of Civil Procedure and Rule 26(e) of the Local Rules of Civil Procedure. Plaintiff's Motion to Compel as to Requests 1, 2, 10 and 11 is **DENIED.** Defendant's Motion to Strike is **GRANTED.**

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. <u>See</u> 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 28th day of February, 2017.

/s/
_____
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
